1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7    LIBERTY MUTUAL INSURANCE
     COMPANY, a Massachusetts                  NO. 2:20-CV-0010-TOR
8    corporation,

9                            Plaintiff,        ORDER GRANTING PLAINTIFF'S
                                               MOTION FOR DEFAULT
10          v.                                 JUDGMENT AGAINST
                                               CONTRACTORS NORTHWEST,
11   CONTRACTORS NORTHWEST                     INC.
     INC., a Washington corporation and
12   HAAGENSON ENTERPRISES,
     INC., an Idaho corporation,
13
                            Defendants.
14

15          BEFORE THE COURT is Plaintiff's Motion for Default Judgment Against

16   Contractors Northwest, Inc. (ECF No. 21). This matter was submitted for

17   consideration without oral argument.  The Court has reviewed the record and files

18   herein, and is fully informed.  For the reasons discussed below, Plaintiff's Motion

19   for Default Judgment Against Contractors Northwest, Inc. (ECF No. 21) is

20   **GRANTED**.

     ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
     AGAINST CONTRACTORS NORTHWEST, INC. ~ 1

**BACKGROUND**

This case arises out of obligations owed under an indemnity agreement. ECF No. 1.  On January 8, 2020, Plaintiff filed a complaint against three defendants, including Defendant Contractors Northwest, Inc. ("CNI").  *Id.*  On January 13, 2020, CNI's registered agent was served with an amended summons and complaint.  ECF No. 16.  On April 20, 2020, CNI having failed to answer, plead, or otherwise defend against the complaint, Plaintiff filed a Motion for Entry of Default against CNI.  ECF No. 12.  That same day, the Clerk of the Court entered the Order of Default.  ECF No. 19.  On September 1, 2020, Plaintiff filed the instant Motion for Default Judgment against CNI.  ECF No. 21.  The factual allegations, as set forth below, are derived from Plaintiff's motion and supporting documents.  ECF Nos. 21-23, 26.

On or about August 17, 2015, CNI entered into a construction contract regarding a waste water treatment plan with the City of Asotin, Washington for $2,126,434.19.  ECF No. 21 at 2.  Under the terms of the contract, Plaintiff issued a Performance Bond and a Payment Bond to the City of Asotin pursuant to RCW 39.08.010 on behalf of CNI.  *Id.* at 3.  Plaintiff also issued a Contractor's License Bond pursuant to RCW 18.27.040 on behalf of CNI.  *Id.* at 4.

In partial consideration for these bonds, CNI executed a General Agreement of Indemnity in favor of Liberty Mutual, which was executed prior to the bonds on

May 24, 2010.  *Id.* at 3.  Two amendments added Yellowstone Properties, LLC and Haagenson Enterprises, Inc. as indemnitors.  *Id.* at 3-4.  Under this agreement, the indemnitors jointly and severally agreed "to exonerate, hold harmless and indemnify [Plaintiff] from and against any and all liability for losses, fees, costs and expenses sustained by [Plaintiff] as a consequence of issuing bonds on behalf of CNI, or as a consequence of a breach of the Indemnity Agreement."  *Id.* at 4.

Subsequently, CNI subcontractors and suppliers asserted claims against Plaintiff for CNI's failure and refusal to pay for labor, material, and equipment.  *Id.* As a result of those claims, Plaintiff made the following payments:

1.  On December 19, 2018, Plaintiff paid Star Rentals, Inc. $6,000.00.

2.  On February 8, 2019, Plaintiff paid Lakeside Equipment Corp. $65,000.00.

3.  On February 22, 2019, Plaintiff paid Twin City Electricians, Inc. $11,996.15.

4.  On July 26, 2019, Plaintiff paid Western Const. of Lewiston, Inc. $97,234.59.

ECF No. 21. 4-5.

In total, Plaintiff paid $180,230.74 for these claims.  *Id.* at 5.  Defendants failed to indemnify Plaintiff for these losses.  *Id.*  As a result, Plaintiff also claims $10,484.50 in taxable costs and attorney's fees incurred in bringing this present action. *Id.* at 7.

1

**DISCUSSION**

2

**A.  Procedural Requirements**

3        Obtaining a default judgment is a two-step process.  LCivR 55.  A party

4    must first file a motion for entry of default to obtain a Clerk's Order of Default,

5    and then file a separate motion for default judgment.  *Id.*  To obtain a default

6    judgment, the moving party must "(A) specify whether the party against whom

7    judgment is sought is an infant or an incompetent person and, if so, whether that

8    person is represented by a general guardian, conservator, or other like fiduciary;

9    and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-

10   597b [now codified at 50 U.S.C. § 3901, et seq], does not apply."  LCivR 55(b)(1).

11       Federal Rule of Civil Procedure 55(b) provides that a plaintiff is entitled to

12   default judgment by the Clerk where the "claim is for a sum certain or a sum that

13   can be made certain by computation" or by the Court in all other cases.  When a

14   party applies for default judgment with the Court or the Clerk refers the motion to

15   the Court, the Court "may conduct hearings or make referrals—preserving any

16   federal statutory right to a jury trial—when, to enter or effectuate judgment, it

17   needs to: (A) conduct an accounting; (B) determine the amount of damages;

18   (C) establish the truth of any allegation by evidence; or (D) investigate any other

19   matter."  Fed. R. Civ. P. 55(b)(2); LCivR 55(b)(2).

20

Here, Plaintiff complied with the first step in seeking default judgment. Plaintiff submitted a motion for entry of default on April 20, 2020.  ECF No. 17. The Clerk of the Court entered the Clerk's Order of Default the same day for CNI's failure "to answer, plead, or otherwise defend against the complaint."  ECF No. 19.  Plaintiff also complied with the second step under Local Civil Rule 55 by certifying CNI is not an infant nor incompetent person, and the Servicemembers Civil Relief Act does not apply.  ECF No. 21 at 7.

## B.  Substantive Requirements

Federal Rule of Civil Procedure 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.*  at 917-18 (citation omitted).  The decision whether to enter default judgment is within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CONTRACTORS NORTHWEST, INC. ~ 5

1    *Eitel*, 782 F.2d at 1471-72.  The Court assumes facts alleged in the complaint are

2    true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

3         *1.  Possibility of Prejudice*

4         The first factor considers whether Plaintiff will suffer prejudice if default

5    judgment is not entered.  *Eitel*, 782 F.2d at 1471-72.  Plaintiff would suffer

6    prejudice if the default judgment is not entered because Plaintiff would be without

7    other recourse for recovery.  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*,

8    219 F.R.D. 494, 499 (C.D. Cal. 2003).  The Court is cognizant that Plaintiff has a

9    potential avenue to recover from the other remaining defendant under the joint and

10   several liability provision of the indemnity agreement; however, entry of default is

11   not precluded as to one defendant who may be held jointly and severally liable.

12   *See In Re Uranium Antitrust Litigation*, 617 F.2d 1248, 1256-58 (7th Cir. 1980).

13        In this case, Plaintiff will suffer prejudice if default judgment is not entered,

14   as it would leave Plaintiff with no other remedy to proceed directly against CNI to

15   recover the amount it is owed under the indemnity agreement.  Additionally,

16   Plaintiff claims that it has incurred attorney's fees in bringing this present action.

17   Thus, this factor weighs in favor of an entry of default judgment.

18        *2.  Merits and Sufficiency of Claims*

19        The second and third factors favor a default judgment when the "plaintiff

20   state[s] a claim on which the plaintiff may recover."  *Danning v. Lavine*, 572 F.2d

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST CONTRACTORS NORTHWEST, INC. ~ 6

1386, 1389 (9th Cir. 1978).  Plaintiff's complaint is well pleaded in that it

adequately states that facts, circumstances, and elements of its claims against CNI.

ECF No. 1.  Plaintiff identified the payments made pursuant to the bond terms and

the obligations under the corresponding indemnity agreement.  ECF No.1 at 3-7;

ECF No. 21 at 6-7.  Thus, the second and third factors weigh in favor of an entry of

default judgment.

### 3.  Money at Stake

Regarding the fourth factor, the Court considers the sum of money at stake

in the action.  *Eitel*, 782 F.2d at 1471-72.  Considerations include "the amount of

money requested in relation to the seriousness of the defendant's conduct, whether

large sums of money are involved, and whether 'the recovery sought is

proportional to the harm caused by defendant's conduct.'"  *Curtis v. Illumination

Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar

Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)).

### a.  Indemnity Agreement

Plaintiff alleges that CNI owes a sum certain of $180,230.74 pursuant to the

indemnity agreement.  ECF No. 21. at 7.  To substantiate this amount, Plaintiff

submitted a declaration with supporting documentation.  *See* ECF No. 22.  The

amount at stake is directly related to the amount due under the indemnity

1    agreement.  Thus, this factor weighs in favor of default judgment for the amount

2    alleged under the indemnity agreement.

3        b.  Attorney's Fees and Costs

4        Plaintiff alleges that it incurred $10,484.50 in taxable costs and attorney's

5    fees.  ECF No. 21. at 7.  To substantiate this amount, Plaintiff submitted

6    declarations with supporting documentation.  *See* ECF Nos. 23, 26.

7        Courts assess attorney's fees by calculating the lodestar figure, which is the

8    number of hours reasonably expended multiplied by the reasonable hourly rate of

9    compensation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. MGM*

10   *Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019).  This lodestar calculation is

11   presumptively reasonable.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978

12   (9th Cir. 2008).  When determining hourly rates, courts look to the "prevailing

13   market rates in the relevant community."  *Vargas v. Howell*, 949 F.3d 1188, 1194

14   (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  Courts

15   typically use the rates of comparable attorneys in the forum district, here the

16   Eastern District of Washington.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th

17   Cir. 1992).  When determining the reasonableness of the hours expended, the Court

18   should exclude from its calculation "hours that were not reasonably expended"

19   such as hours that are "excessive, redundant, or otherwise unnecessary."  *Gates*,

20   987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 433-34).

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST CONTRACTORS NORTHWEST, INC. ~ 8

Two attorneys and one paralegal billed time on this matter.  ECF No. 26 at 2, ¶ 4.  Mr. Thomas K. Windus, a licensed attorney since 1977, is a Principal at Carney Badley Spellman, P.S. in Seattle, Washington and charges $335 per hour. *Id.* at 1-2, ¶¶ 1-2, 4.  Mr. Nicolas McCann, a licensed attorney who graduated in 2010, charges $320 per hour.  *Id.* at 2, ¶ 4.  Mr. Mitchell Johnson, a certified paralegal since 2017, charges $240 per hour.  *Id.*  To compare these rates within this District, Plaintiff submitted the United States Consumer Law Attorney Fee Survey from 2015-2016.  *See* ECF No. 26-1.[1]  According to this report, the average hourly rate for an attorney practicing in Spokane for over 41 years is $375 and for an attorney practicing for 10 years is $325.  ECF No. 26-1 at 5.  The average paralegal hourly rate in Spokane is $98.  ECF No. 26-1 at 4.

While a significant sum of money weighs in favor of resolving a case on the merits, the Court finds that the recovery sought is reasonable with a slight modification.  The Court finds the hourly rates for Mr. Windus and Mr. McCann are reasonable.  However, the Court finds that Mr. Johnson's hourly rate of $240 far exceeds the average rate of a paralegal in this District and will consequently

---

[1]    Plaintiff acknowledges that this is a commercial rather than consumer law matter but believes that the rates are comparable for the Spokane area.  ECF No. 26 at 2, ¶ 5.  The Court does not take issue with the comparison.

1    reduce it to $98 per hour.  Finally, the Court finds that the number of hours

2    expended in this case are reasonable as they do not appear excessive, redundant, or

3    otherwise unnecessary.  Therefore, the fourth factor weighs in favor of default

4    judgment as to attorney's fees and costs as modified.

5        *4.  Dispute of Material Facts*

6            The fifth factor weighs the possibility of a dispute regarding any material

7    facts in the case.  *Eitel*, 782 F.2d at 1471-72.  As CNI has not responded in this

8    case, all well-pleaded facts in Plaintiff's complaint are taken as true, except those

9    relating to damages.  *TeleVideo Sys., Inc.*, 826 at 917-918.  In light of the

10   contractual nature of the claim, there is little to no likelihood of a dispute

11   concerning material facts with the action, especially where no evidence has been

12   introduced contrary to the supporting documents.  Thus, the fifth factor weighs in

13   favor of default judgment.

14       *5.  Excusable Neglect*

15           The sixth factor considers whether the defendant's default is due to

16   excusable neglect.  *Eitel*, 782, F.2d at 1471-72.  Plaintiff has shown proper service

17   on CNI, and there is no evidence that the failure to respond to the complaint is the

18   result of excusable neglect.  *United States v. High Country Broad. Co.*, 3 F.3d

19   1244, 1245 (9th Cir. 1993) (per curiam) (Default judgment "perfectly appropriate"

20

against a corporation that failed to appear in the action.).  Thus, the sixth factor weighs in favor of default judgment.

### 6. *Decision on the Merits*

The seventh factor considers the policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1471-72.  Although this factor "almost always disfavors the entry of default judgment," it is not dispositive.  *Curtis*, 33 F. Supp. 3d at 1213.  While resolving this matter on the merits weighs in favor of denying a default judgment, is not sufficient to overcome the weight of the other factors, especially where Defendant's failure to respond makes a decision on the merits impractical.  Thus, default judgment in favor of Plaintiff and against CNI is warranted.

Having reviewed the motion and record in light of the *Eitel* factors, the Court finds the entry of default judgment appropriate in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Default Judgment Against Contractors Northwest, Inc. (ECF No. 21) is **GRANTED**.

2.  Judgment is awarded to Plaintiff Liberty Mutual Insurance Company against Defendant Contractors Northwest, Inc. in the amount of $180,230.74, plus taxable costs and attorney's fees in the amount of $10,314.10.

1   3. Pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay, the

2     Clerk of Court is directed to enter Judgment against Defendant

3     Contractors Northwest, Inc. accordingly, noting the applicable post-

4     judgment statutory interest rate, 28 U.S.C. § 1961.

5   The District Court Executive is directed to enter this Order, furnish copies to

6 counsel.  The file remains open.

7   **DATED** October 1, 2020.

8



9       THOMAS O. RICE
        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST CONTRACTORS NORTHWEST, INC. ~ 12